# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D20-1410

_____

SEBRINA CAMERON, N.H.A.,

Petitioner,

v.

STATE OF FLORIDA, DEPARTMENT
OF HEALTH,

Respondent.

_____

Petition to Review Non-Final Agency Action—Original Jurisdiction.

September 3, 2020

PER CURIAM.

Petitioner seeks review of a nonfinal emergency order suspending her nursing home administrator license pursuant to section 120.60(6), Florida Statutes (2019). Specifically, she claims that (1) the emergency suspension order lacks sufficient detailed allegations demonstrating an immediate serious danger to the public health, safety, or welfare; and that (2) the suspension of her license pending formal disciplinary action is not necessary to protect the public interest because less restrictive remedies would be sufficient to prevent the alleged harm. We disagree with her first claim but agree with the second. Accordingly, the petition is denied in part and granted in part.

Petitioner initially claims that the emergency suspension order lacks sufficient detail to demonstrate an immediate serious danger to the public health, safety, or welfare. However, the order recites specific facts that Petitioner failed to implement proper screening measures, failed to provide staff and residents with proper personal protective equipment (PPE), failed to provide adequate training on the use of PPE and hygiene practices to prevent the spread of COVID-19, failed to isolate COVID-19 positive patients from other residents, failed to implement proper isolation protocols for COVID-19 patients, refused to participate in briefings with the Department's nursing team, dismissed the team's recommendations on proper procedures, and obstructed the team's attempts to educate staff on proper procedures, which resulted in the spread of COVID-19 in the nursing home facility over which she exercised supervisory authority as a regional nursing home administrator. Contrary to Petitioner's assertions, the face of the order demonstrates an immediate serious danger to the public health, safety, or welfare requiring emergency action on Petitioner's license. *See Rehab. Ctr. at Hollywood Hills, LLC v. State Agency for Health Care Admin.*, 250 So. 3d 737, 745-46 (Fla. 1st DCA 2018). For that reason, we deny the petition in part.

Petitioner also asserts that the suspension of her license pending formal disciplinary action is not necessary to protect the public interest because less restrictive remedies would be sufficient to prevent the alleged harm. Although the emergency suspension order found that there was no restriction that would adequately protect the public from Petitioner's continued practice as a nursing home administrator, the order contains no explanation as to why the less restrictive remedies listed in section 120.60(6) would be inadequate to address the alleged harm. Therefore, that portion of the order is deficient. *See Lohstreter v. State Dep't of Health*, 45 Fla. L. Weekly D1792, D1793 (Fla. 1st DCA July 27, 2020); *Failer v. State, Dep't of Health*, 139 So. 3d 359, 363 (Fla. 1st DCA 2014); *Nath v. State Dep't of Health*, 100 So. 3d 1273, 1276 (Fla. 1st DCA 2012).

Given the fact that this court granted a modified stay of the emergency suspension order, Petitioner persuasively argues that remedies less restrictive than a license suspension would be sufficient to prevent the alleged harm. *See Failer*, 139 So. 3d at

363. The Department does not claim that Petitioner personally administered the day-to-day operations of the nursing home in question, only that the she "directed" or "assisted" the actual administrator. Under these circumstances, it would be possible to protect the public interest by restricting Petitioner's ability to supervise the nursing home in question without suspending her license. Accordingly, we grant the petition in part, quash that portion of the order suspending Petitioner's license, and remand for further proceedings. *See Lohstreter,* 45 Fla. L. Weekly at D1793; *Nath,* 100 So. 3d at 1276.

PETITION DENIED in part and GRANTED in part.

RAY, C.J., and BILBREY and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jeffrey J. Molinaro, Christopher M. David, and Joshua M. Salmon of Fuerst Ittleman David & Joseph, Miami, for Petitioner.

Sarah Young Hodges, Chief Appellate Counsel, and Major Thompson, Assistant General Counsel, Tallahassee, for Respondent.